# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINALD FULLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19CV869 |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, ) | |
| ) | |
| Defendant(s). ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Reginald Fullard's document entitled, "Affidavit of Facts, Objection Filed." (Docket Entry 8.) This document was filed after the Court's entry of Judgment in this matter on April 29, 2020. (*See* Docket Entry 7.) Thus, the Court construes Plaintiff's document as a motion for reconsideration of its Judgment under Federal Rules of Civil Procedure 59(e). Plaintiff has also filed a document entitled, "Petition Motion for Stay to Amend Action Pursuant to 42 U.S.C. § 1983 the Form Process of Complaint." (Docket Entry 9.) As explained herein, Plaintiff's motions should be denied.

Plaintiff initiated this action by submitting a letter complaining that his federal rights were being violated by state prison employees. (*See* Docket Entry 1.) The undersigned treated the Complaint as a civil rights action pursuant to 42 U.S.C. § 1983 and noted serious flaws making it further impossible to process the Complaint. (Docket Entry 2.) Those flaws included Plaintiff's failure to submit the filing fee or a proper affidavit to proceed *in forma pauperis* for the Court's review, as well as Plaintiff's failure to file the Complaint on the forms

1

used by this Court. (*Id.* at 1.) As a result, the undersigned entered a Recommendation that the action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited in the Recommendation. (*Id.* at 1-2.) A Notice was sent to Plaintiff informing him of the Magistrate Judge's Recommendation and informing Plaintiff of the time in which he would be permitted to file objections to the Recommendation. (Docket Entry 3.) Plaintiff sought extensions of time to file objections (*see* Docket Entries 4, 5, 6) which the Court granted. (*See* Text Orders dated 1/24/2020; 3/24/2020.) After Plaintiff failed to file timely objections, Judgment was entered on April 29, 2020, adopting the undersigned's previous Recommendation. (Docket Entry 7.) On May 19, 2020, the Court received Plaintiff's pending document which it construes as a motion for reconsideration in which Plaintiff states that he did file objections, he is under additional duress because of the Covid-19 pandemic, and he is unable to hire an attorney or pay the filing fee due to several complexities he is facing. (Docket Entry 8.)

Reconsideration of a previous Judgment under Rule 59(e) is at the discretion of the Court.[1] *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). The Fourth Circuit has granted the motion only in narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered . . . ." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal citations omitted). Reconsideration of a judgment is "an

---

[1] The undersigned notes that Plaintiff's motion was filed within 28 days of the most recent Judgment.

2

extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotations omitted).

A review of Plaintiff's motion indicates that none of the narrow circumstances above are present here to warrant granting the motion. Plaintiff's motion does not assert either a change in the law, the discovery of new evidence that was previously unavailable, or a legal error so clear or the risk of an injustice so manifest that it provides a basis for invoking the "extraordinary remedy" of altering or amending the final judgment of the Court. Plaintiff states in conclusory fashion that he did file objections, which were never received by the Court.[2] The Magistrate Judge's previous Recommendation that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, for the Court's review is in no way prejudicial to Plaintiff as he is not prohibited from pursuing legal redress. As such, because Plaintiff fails to present any argument warranting reconsideration, his motion should be denied.

Likewise, Plaintiff's motion entitled, "Petition Motion for Stay to Amend Action Pursuant to 42 U.S.C. § 1983 the Form Process of Complaint" (Docket Entry 9) should be denied. Plaintiff seeks a stay of this action because he asserts that the previous Recommendation fails to clarify the exact defects of his letter Complaint. Plaintiff's argument is unpersuasive and does not support grounds for a stay in this action. The previous Recommendation specifically informed Plaintiff that the letter Complaint was not on forms prescribed for use by this Court, nor was the information requested by such forms and

---

[2] Even if the Court would have construed Plaintiff's supplement to his extension request as an objection to the Recommendation (*see* Docket Entry 6), such objection would not have altered the findings in the Magistrate Judge's Recommendation.

3

necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. (Docket Entry 2 at 1.) It also referenced Local Rule 7.1(d) which directs all pro se state prisoner § 1983 actions to be "filed with the clerk in compliance with the instructions of the clerk and on appropriate forms which are available without charge in the clerk's office." L.R. 7.1(d). The previous Recommendation also instructed the Clerk to send Plaintiff new § 1983 forms with instructions. (Docket Entry 2 at 1-2.) Ultimately, because Plaintiff did not use the correct forms, nor was the information requested by such forms incorporated in Plaintiff's letter Complaint, his Complaint could not be further processed. The previous Recommendation makes that clear. Thus, Plaintiff's motion should be denied. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's document entitled, "Affidavit of Facts, Objection Filed" (Docket Entry 8), construed as a motion for reconsideration of the Court's Judgment, and Plaintiff's motion entitled, "Petition Motion for Stay to Amend Action Pursuant to 42 U.S.C. § 1983 the Form Process of Complaint" (Docket Entry 9) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

November 23, 2020
Durham, North Carolina